UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN ANN HARRIS,<br><br>        Petitioner,<br><br>   v.<br><br>MOLLY HILL, Warden,<br><br>        Respondent. | No. 2:18-cv-0359 AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding with counsel with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a motion to stay and abey this action under Rhines v. Weber, 544 U.S. 269 (2005). ECF Nos. 1, 2. Petitioner paid the filing fee. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). This order directs respondent to file and serve a response to petitioner's motion to stay and abey this action, and directs petitioner to file and serve a reply.

The instant "mixed" petition contains both exhausted and unexhausted claims,[1] although

---

[1] Exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The exhaustion "requirement serves to minimize friction between federal and state courts by allowing the state an

the distinction is not entirely clear from the petition itself. The exhausted claims, which include several grounds for the alleged ineffective of trial counsel and alleged prosecutorial misconduct, appear to be clarified by reference to the opinion of the California Court of Appeal, Third Appellate District, filed August 22, 2016. See ECF No. 1-1 at 1-18. See also Cal. Supreme Court Case No. S236910 (petition for review denied November 16, 2016).[2] The unexhausted claims, which include four additional grounds for the alleged ineffective assistance of trial counsel and one ground premised on alleged trial court error, are set forth in a copy of the pending petition for writ of habeas corpus filed by petitioner in the El Dorado County Superior Court on February 13, 2018.[3] See ECF No. 2-1 at 1-4. Also pending in the state courts is petitioner's Motion to Recall the Remittitur in the California Court of Appeal filed February 8, 2018. ECF No. 2 at 1.

Under Rhines, a district court may stay a "mixed" petition when the following "limited circumstances" are demonstrated: (1) petitioner demonstrates "good cause" for failing to previously exhaust her unexhausted claims in the state courts; (2) the claims at issue are potentially meritorious; and (3) petitioner has not been dilatory. Rhines, 544 U.S. at 277-78. The "good cause" requirement under Rhines does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 653 (9th Cir. 2005). Rather, "[t]he good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014)

---

initial opportunity to pass upon and correct alleged violations of a petitioner's federal rights, and to foster increased state court familiarity with federal law." Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). In this manner, the exhaustion requirement is a matter of federal-state comity rather than jurisdiction. See Granberry v. Greer, 481 U.S. 129 (1987).

[2] As found on the Case Information website operated by the California Supreme Court. See http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 . See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] The new claims petitioner seeks to exhaust in the state courts include the alleged ineffective assistance of trial counsel for (1) failing to retain an expert to assess blood splatter evidence, (2) failing to call petitioner's psychiatrist as a witness, (3) contradicting petitioner's testimony, and (4) also being a witness in the instant case. Petitioner also contends that the trial court erred in accepting her waiver of conflict of interest with her trial counsel.

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion . . will ordinarily constitute 'good cause' [under Rhines]...." [emphasis deleted]); see also Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006) (the Rhines good cause standard "requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, by circumstances over which he had no control, such as actions by counsel, either in contravention of the petitioner's clearly expressed desire to raise the claim, or when petitioner had no knowledge of the claim's existence").

Here petitioner's counsel asserts that the federal claims presented in the pending state petition are meritorious and "are claims of which petitioner [her]self was totally unaware, and they were not included on appeal only because appointed appellate counsel was unable to get authorization from the Third District to raise them." ECF No. 2 at 6. Counsel further asserts: "The state courts [] did not appoint state habeas corpus counsel for petitioner once [her] direct appeal [was] over. It fell to petitioner's family to try and hire counsel; here, petitioner's family was able to hire counsel to investigate potential habeas corpus in January, 2018. Within one month, counsel conducted the investigation and prepared and filed both state and federal habeas petitions." Id. at 5-6. Counsel explains that the state petition was filed only one day before expiration of the federal statute of limitations and therefore "[o]nce the state court rules, petitioner will have to file his federal petition with the exhausted claims, within that time of 1 day." Id. at 6. This exigency, counsel asserts, demonstrates that issuance of a stay is essential to petitioner maintaining her claims in federal court.

Respondent will be provided an opportunity to respond to the motion for stay and abeyance. See Local Rule 230(c). Although petitioner is represented by counsel, and Local Rule 230(l) therefore does not apply, the motion shall be submitted on the record without oral argument upon the conclusion of briefing, unless the court orders upon consideration of the briefs.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent shall, within fourteen (14) days after service of this order, file and serve a response to petitioner's motion to stay and abey this action under Rhines v. Weber, 544 U.S. 269

3

(2005) (see ECF No. 2). Respondent shall not file a response to the petition until further order of this court.

2. Petitioner may, within seven (7) days after service of respondent's response, file and serve a reply.

3. The Clerk of Court is directed to serve the following documents on Tami Krenzin, Supervising Deputy Attorney General: (1) a copy of this order, (2) a copy of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1), (3) a copy of petitioner's motion to stay and abey this action (ECF No. 2), and (4) the form Consent to Proceed Before a United States Magistrate Judge.

SO ORDERED.

DATED: March 8, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE