UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLLEEN ANN HARRIS,

Petitioner,

v.

MOLLY HILL, Warden,

Respondent.

No.  2:18-cv-0359 KJM AC P

FINDINGS AND RECOMMENDATIONS

## I.     Introduction

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges her 2015 murder conviction.  This action was stayed by order filed August 28, 2018, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to permit petitioner the opportunity to exhaust additional claims in the state courts.  See ECF No. 16 (order adopting findings and recommendations at ECF No. 15). Currently pending is respondent's motion to dismiss this action due to petitioner's failure to meet the court's deadline for requesting that the stay be lifted, ECF No. 17, and petitioner's motion to reopen this case and proceed on her proposed First Amended Petition, ECF No. 22.  These matters are referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be denied and petitioner's motion to lift the stay and proceed on her First Amended Petition be granted.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    Background

The procedural history of this case, prior to issuance of the current stay, is set forth in the undersigned's findings and recommendations filed July 10, 2018.  See ECF No. 15.  When the stay was issued, petitioner was directed to "file in this court, within thirty days after the filing of the California Supreme Court's final order resolving petitioner's unexhausted claims, a motion to lift the stay and a motion to file an amended petition for writ of habeas corpus, together with a proposed First Amended Petition."  ECF No. 16 at 2.

The California Supreme Court issued its final order on January 22, 2020.  See ECF No. 18-1.  Accordingly, petitioner's motions to lift the stay and to proceed on her amended petition were due on or before Friday, February 21, 2020.  On March 16, 2020, respondent filed a motion to dismiss this action based on petitioner's failure to meet this deadline.  ECF No. 17.  On the same date, March 16, 2020, petitioner filed an opposition to respondent's motion and requested a thirty-day extension of time within which to submit an amended petition.  ECF No. 18.  Although respondent set this matter for hearing on April 15, 2020, ECF No. 17, the court, on March 17, 2020, vacated the hearing and submitted the matters on the papers due to the ongoing COVID-19 public health crisis, ECF No. 19.  The parties submitted additional briefing through March.  ECF Nos. 20, 21.  On May 5, 2020, petitioner filed a motion to reopen, ECF No. 22, and on May 11, 2020, petitioner filed her proposed First Amended Petition, ECF No. 23.

## III.    Respondent's Motion to Dismiss and Petitioner's Opposition

Respondent moves to dismiss this action as a sanction for petitioner's violation of the court's order.  See ECF No. 17 (motion), and ECF No. 20 (reply).  Respondent's legal arguments are addressed after the following summary of petitioner's response.

Petitioner's counsel initially responded with an apology for the delay, explaining that it was unintentional, an oversight due to his receipt of "the denial [of review] almost a year to the day that my wife and office mate of 43 years passed from brain cancer," noting that "[i]t has taken a year to fully recover without my partner and helpmate but I am ready to proceed on this case."  ECF No. 18 at 2.  Counsel requested a 30-day extension of time within which to file an amended petition, further explaining, id.:

2

> I need the time extension to communicate with Mrs. Harris's daughter who has permanently relocated to New Zealand and is a teacher there; to deal with essential house arrest imposed by the Governor on seniors, and I am 15 years OVER that age level set for[] seniors, due to COVID 19.  Age aside, I am in good health, mentally and physically.

Petitioner's counsel attached copies of his wife's death certificate, which notes her date of death as January 20, 2019, and the California Supreme Court's January 22, 2020 denial of review.  ECF No. 18 at 3-8, duplicated at ECF Nos. 18-1 and 18-2.

A week after the filing of respondent's reply, petitioner's counsel filed "additional opposition" to the motion to dismiss, and modified his request for extended time to 60 days, further explaining, ECF No. 21 at 3:

> I have a large blended family.  Our seven children wanted a memorial to bring us together close to the one year anniversary of my wife's passing.  Months of planning to have family come from as far away as Germany, Hawaii and British Columbia resulted in a March 7, 2020 date.  On February 22, 2020 [sic], the date the notification was due this Court that a petition for review had been denied by the state Supreme Court, this declarant was arranging transportation and lodging for his large family which included small children, some of whom did not speak English but knew "Nana," their name for my wife.  [¶]  It would have been the simplest and quickest of acts to file a status report with a copy of the denial with this Court but the emotion of this memorial, coupled with the logistics of attempting to get this scattered family together, simply pushed that simple act out of my consciousness.

On May 5, 2020, petitioner filed a motion to lift the stay and for leave to file a First Amended Petition.  ECF No. 22.  On May 11, 2020, petitioner filed a First Amended Petition. ECF No. 23.

It is respondent's position that dismissal of this case is warranted due to petitioner's failure to abide by the court's deadline.  Respondent argues that petitioner, having evaded operation of AEDPA's one-year statute of limitations by virtue of the <u>Rhines</u> stay, should not be permitted to also evade the consequence of violating a judicial deadline.  ECF No. 17 at 2. Respondent relies on the five-factor analysis for considering whether to dismiss a case as a sanction for violation of a court order, as restated by the Ninth Circuit in <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999):

1

2

3

4

5

6

7

8

> Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)) We "may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." Id. (quoting Ferdik [v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992)] at 1263). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

9 Yourish, 191 F.3d at 990.

10 Respondent notes that "[t]he first [factor] by definition favors dismissal, and [argues that]

11 the second [factor] does here because the Court is now tasked with addressing procedural matters

12 rather than 'the merits of an amended complaint.'" ECF No. 17 at 3; ECF No. 20 at 2 (quoting

13 Yourish at 990).

14 Respondent contends that the third factor should also weigh in respondent's favor.  Noting

15 that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in

16 failing to timely amend," Yourish, 191 F.3d at 991, respondent argues that the pertinent "legal

17 question" is not whether the reasons for delay by petitioner's attorney are valid but that petitioner

18 must bear the consequences of her attorney's mistakes.  ECF No. 17 at 3; ECF No. 20 at 3-4.

19 Respondent acknowledges that the fourth factor – public policy strongly favors disposition

20 of actions on the merits – generally favors non-dismissal, but argues that this factor is most

21 applicable "in cases where federal court is the primary place to vindicate rights."  ECF No. 17 at

22 3; ECF No. 20 at 2.  Respondent asserts that federal habeas challenges to state court

23 determinations are distinguishable due to the adequacy of state forums to address a petitioner's

24 federal claims.  Id. (citing Burt v. Titlow, 571 U.S. 12, 19 (2013) ("AEDPA recognizes a

25 foundational principle of our federal system:  State courts are adequate forums for the vindication

26 of federal rights.").  Respondent argues that "[a] merits resolution in this Article III forum would

27 be no more competent an adjudication than has already occurred in state court."  ECF No. 20 at 2-

28 3 (citing Swain v. Pressley, 430 U.S. 372, 381 (1977)).  Respondent concludes that because

4

"[t]here has been a merits adjudication, [] this factor is of no weight."  Id. at 3.

Finally, respondent contends that the fifth factor "should mean nothing in the calculus" because the only available less drastic alternative would have the same effective result as dismissal, viz., "rather than dismissing, this Court could take the less drastic step of retroactively denying the stay, with no opportunity for Petitioner to amend."  ECF No. 17 at 3-4; ECF No. 20 at 3.  Acknowledging that this option involves "an entirely meaningless consequence," respondent argues that the fifth factor should not apply in federal habeas cases when petitioners have already been heard in the state courts because federal habeas provides only "extraordinary review" of a "secondary and limited" nature.  Id. (citations omitted).

Respondent concludes that "two factors [first and second] clearly weigh in favor of dismissal, and two factors [fourth and fifth] clearly add nothing to counter that weight," ECF No. 20 at 3, while the third factor, prejudice to respondent, tips the balance in favor of dismissal.

Petitioner's responses did not address respondent's five-factor argument.

**IV.** **Analysis**

The Ninth Circuit has endorsed the five-factor analysis for assessing whether to dismiss a habeas case for failure to comply with a court order.  See Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002).  The undersigned makes the following findings concerning the delay at issue here – petitioner's return to this court after the California Supreme Court's January 22, 2020 denial of review, twenty-four days after the court's thirty-day deadline.[1]

**A.** **Public's interest in expeditious resolution of litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990.  Therefore this factor weighs in favor of dismissal.

**B.** **Court's need to manage its docket**

Respondent contends that this factor also weighs in favor of dismissal because the court is now tasked with addressing these procedural matters rather than the merits of an amended

---

[1]  Although petitioner's initial return to this court did not include his First Amended Petition, additional delay in this case is attributable to the submission of respondent's motion on the papers and the undersigned's decision to address all outstanding matters at the same time.

5

petition.  However, "judges are best situated to decide when delay in a particular case interferes with docket management and the public interest."  Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (cited with approval in Yourish, 191 F.3d at 990, 991).

The 30-day deadline at issue here was set by the court in its discretion, as a case management matter.  The Supreme Court has found thirty days an appropriate length of time for a habeas petitioner to return to the district court after exhausting additional claims in the state courts.  See Rhines, 544 U.S. at 278 (" '[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.' ") (quoting Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)).  However, the Supreme Court noted that district courts have "discretion in structuring the stay" within "reasonable time limits on a petitioner's trip to state court and back," subject to the timeliness concerns reflected in AEDPA.  Rhines, 544 U.S. at 277, 278.  Review of other jurisdictions demonstrates that many district courts routinely set a 60-day return to federal court after state court exhaustion.  See e.g. Parker v. Herbert, 2009 WL 2971555, at *4, 2009 U.S. Dist. LEXIS 82805 (W.D.N.Y. Sept. 11, 2009); Banks v. Nebraska, 2011 WL 3882511, at *2, 2011 U.S. Dist. LEXIS 99568 (D. Neb. Sept. 2, 2011); Posey v. Woods, 2012 WL 5050592, at *3, 2012 U.S. Dist. LEXIS 149867 (E.D. Mich. Oct. 18, 2012); Cross v. White,  2016 WL 7223440, at *6, 2016 U.S. Dist. LEXIS 171816 (W.D. Ky. Dec. 13, 2016).

It is well established that a district court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  The undersigned finds petitioner's delay was brief, the total time that elapsed between the California Supreme Court's ruling and the filing of a motion to lift the stay was reasonable, and the delay will not affect the case or the court's docket generally.  Accordingly, this factor weighs against dismissal.

C.     Risk of Prejudice to the Defendant

While "the mere pendency of a lawsuit . . . may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal. . . . Limited delays and the prejudice to a

1  defendant from the pendency of a lawsuit are realities of the system that have to be accepted,

2  provided the prejudice is not compounded by 'unreasonable' delays." <u>Ash</u>, 739 F.2d at 496 (cited

3  with approval in <u>Yourish</u>, 191 F.3d at 991).  As earlier noted, respondent contends that the

4  reasons petitioner's attorney missed the deadline are not relevant here, and that the petitioner

5  must bear the consequences of her attorney's mistakes.

6       It is clear that a petitioner must bear the consequences of her attorney's negligence in

7  missing the inflexible statutory deadline for commencing a habeas petition under 28 U.S.C. §

8  2254.  "[A] garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads

9  a lawyer to miss a filing deadline, does not warrant equitable tolling" in that context.  <u>Holland v.</u>

10 <u>Florida</u>, 560 U.S. 631, 651-52 (2010) (citations and internal quotations marks omitted).  However,

11 the deadline at issue here is not statutory, or jurisdictional, but was set by the court within its

12 discretion.  Additionally, while counsel's delay in the instant case might be viewed more

13 stringently under normal circumstances, the court has, during the current COVID-19 public health

14 crisis, granted numerous extensions of time based on the personal circumstances of parties and

15 their counsel.  Moreover, other than the continued pendency of this action, no resulting prejudice

16 has been identified by respondent.  Therefore, this factor weighs against dismissal.

17       **D.      Public policy favoring disposition of cases on their merits**

18       "Public policy favors disposition of cases on the merits.  Thus, this factor weighs against

19 dismissal." <u>Pagtalunan</u>, 291 F.3d at 643 (citing <u>Hernandez v. City of El Monte</u>, 138 F.3d 393,

20 399 (9th Cir. 1998).  The undersigned is unpersuaded by respondent's argument that this factor

21 should have no weight because petitioner has received merits adjudication on her claims in the

22 state courts.

23       **E.      Availability of less drastic alternatives**

24       This factor requires "only that possible and meaningful alternatives be reasonably

25 explored, bearing in mind the drastic foreclosure of rights that dismissal effects." <u>Nevijel v. N.</u>

26 <u>Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).  Respondent argues that this factor should

27 not apply in federal habeas, or is of neutral weight, because the available less drastic alternative

28 of retroactively denying petitioner's stay request without leave to amend would result in "an

1    entirely meaningless consequence."  Respondent's argument demonstrates the unavailability of a

2    meaningful sanction in the alternative to dismissal of this case.  Therefore, this factor weighs

3    against dismissal.

4         **F.    Conclusion**

5         For these reasons, the undersigned finds that all of the factors identified by the Ninth

6    Circuit, with the exception of the first factor, weigh against dismissing this case.  Based on the

7    foregoing analysis, including consideration of the ongoing COVID-19 public health crisis that has

8    significantly impacted deadlines in most cases before this court, the undersigned finds that failing

9    to provide extended time in this case would be inequitable to petitioner.

10        Accordingly, the undersigned will recommend that respondent's motion to dismiss this

11   action be denied.

12        **IV.    Petitioner's Motion to Lift Stay and Proceed on First Amended Petition**

13        The original petition contained previously exhausted Claims One through Four.  ECF No.

14   1.  The First Amended Petition (FAP) includes those claims and adds newly alleged Claims Five

15   through Fourteen.  See ECF No. 23 at 2-6.  Petitioner asserts that each of her new claims has been

16   exhausted in the state courts.  Id. at 38-9.  Pertinent exhibits have been attached.  The FAP is

17   clearly presented and appears to be carefully briefed.  Therefore, the undersigned will recommend

18   that petitioner's requests to lift the stay in this action and proceed on her FAP be granted, and that

19   respondent be required to respond to the FAP.

20        **V.    Conclusion**

21        Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

22        1.  Respondent's motion to dismiss this action, ECF No. 17, be DENIED.

23        2.  Petitioner's requests for extended time, ECF Nos. 18 & 21, be GRANTED.

24        3.  Petitioner's motion to lift the stay in this action and to proceed on petitioner's First

25   Amended Petition, ECF No. 22, be GRANTED.

26        4.  The following briefing schedule be set:

27             a.  Respondent be directed to file and serve a response to petitioner's First

28   Amended Petition within sixty days from the date of this order.  See Rule 4, 28 U.S.C. foll. §

8

2254.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, 28 U.S.C. foll. § 2254;

b.  If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

c.  If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

5.  The Clerk of Court be directed to lift the stay in this action and re-open this case.

6.  This case be referred back to the undersigned magistrate judge for all further pre-dispositive proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE