UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN ANN HARRIS,<br><br>          Petitioner,<br><br>    v.<br><br>MOLLY HILL, WARDEN,<br><br>          Respondent. | No.  2:18-cv-0359 KJM AC P<br><br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks habeas relief pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 3, 2021, attorney Charles Khoury, who is private counsel for petitioner, sent two documents to the court via email:  (1) an Ex Parte Motion Requesting Appointment of Counsel, and (2) a [Proposed] Order that the Ex Parte Motion Requesting Appointment of Counsel With Its Attached Exhibits Be Filed Under Seal.  Two declarations in support of the motion accompanied the emailed submission.  For the reasons stated below, the motion, proposed order and supporting documents will be disregarded.

      The rules of this court provide that all motions must be electronically filed; email submissions are not considered.  See E.D. Cal. Local Rules 133, 134, 135.  Local Rule 134(a) specifically provides that "Emailing a document to the Clerk or to the Court shall not constitute

'filing' of the document." The only document to be emailed to the court in relation to a motion is a Word version of any proposed order that has been filed in pdf format. Local Rule 137(b). There are specific procedures to be followed when seeking to file documents under seal, including financial information or confidential attorney-client information relevant to a request for relief. See Local Rule 141. Counsel has disregarded all of these rules. Accordingly, there is no properly filed motion for appointment of counsel before the court for consideration.

Furthermore, the request for appointment is substantively meritless. There is no right to appointment of counsel in non-capital habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). The vast majority of non-capital federal habeas petitioners appear pro se while some, like petitioner here, have retained counsel or have secured the assistance of pro bono counsel. The Rules Governing Section 2254 Cases provide that the court *may* appoint counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, if the interests of justice so require. See Rule 8(c), Fed. R. Governing § 2254 Cases;[1] 18 U.S.C. § 3006A(2)(B). It is the rare case in which the interests of justice support appointment.

This case is fully briefed and submitted for decision. There is nothing to be done on petitioner's behalf at this time. The federal statute does not contemplate the retroactive appointment of counsel in order to cover unpaid attorney bills with public funds. And there has been no showing that this case would have qualified for appointment of counsel at an earlier stage.

Accordingly, the documents emailed to the court by petitioner's counsel will be DISREGARDED.

DATED: April 15, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Appointment of counsel for an indigent inmate is required only where an evidentiary hearing has been ordered. Id. When such a hearing is ordered, this court generally appoints the Office of the Federal Defender or a member of the CJA Panel administered by the Federal Defender. Should the court determine upon substantive review of this case that a hearing is required, present counsel may bring a motion for appointment for that purpose.

2