UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Colleen Ann Harris, | No. 2:18-cv-359 KJM AC |
| Petitioner, | ORDER |
| v. | |
| Molly Hill, | |
| Respondent. | |

    Petitioner is a state prisoner with a pending petition for a writ of habeas corpus. *See* First Am. Pet., ECF No. 23.  Petitioner's counsel notified the court that on June 24, 2022, petitioner died in San Bernardino, California, in the Chino Valley Medical Center. *See* Cal. Inst. Women Letter, Status Rep., ECF No. 42-1; Status Rep., ECF No. 41.  Respondent has confirmed it no longer has custody of the petitioner and stipulates to dismissal of the case without prejudice. Notice, ECF No. 43.

    Federal courts have jurisdiction over cases and controversies. U.S. Const. art. III, § 2.  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)).  In a habeas proceeding, the petitioner seeks "immediate release from custody, [which] is unique to the petitioner himself and cannot be

transferred." *Germino v. Marshall*, No. 08-3010, 2020 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005).

In light of the petitioner's death during the pendency of this action, the petitioner's application for a writ of habeas corpus is **dismissed as moot**. This case is closed.

This order resolves ECF No. 23.

IT IS SO ORDERED.

DATED: October 11, 2022.

CHIEF UNITED STATES DISTRICT JUDGE